**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                    No. CR 17-1630 RB

MATTHEW J J LYONS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the following motions: (1) Defendant's Motion in Limine to Preclude Evidence and Argument Regarding Defendant's Alleged Political Beliefs, filed on September 11, 2017 (Doc. 36); (2) Defendant's Motion in Limine to Preclude Improper Prosecutorial Argument, filed on September 11, 2017 (Doc. 37); (3) Defendant's Motion in Limine to Preclude Improper Opinion Evidence, filed on September 12, 2017 (Doc. 42); (4) Defendant's Motion in Limine to Exclude Photo, filed on September 20, 2017 (Doc. 52); (5) the Government's Motion in Limine to Preclude a Dissimilar In-Court Demonstration, filed on September 25, 2017 (*see* Doc. 59 at 2–3); (6) the Government's Motion to Preclude Defense Experts, filed on September 27, 2017 (Doc. 71); and (7) Defendant's Motion for Order to Set Conditions of Release, filed on September 28, 2017 (Doc. 76).

The Court held a motion hearing on Monday, October 2, 2017. (*See* Doc. 88.) This matter came before the Court for a jury trial October 3–6, 2017. (*See* Doc. 100.) The Court considered the submissions of the parties, relevant law, and the parties' oral arguments and made the following rulings after the motion hearing and before trial:

## I.      Defendant's Motion in Limine to Preclude Evidence and Argument Regarding Defendant's Alleged Political Beliefs

Defendant sought to preclude the Government from introducing evidence and making arguments regarding his alleged political beliefs. (Doc. 36 at 1.) Defendant asserted that the Government "may attempt to elicit testimony and proffer evidence that [he] is allegedly a 'constitutionalist' or holds similar political beliefs." (*Id.*) Defendant contended that any evidence of his political beliefs was irrelevant, not probative, and unfairly prejudicial. (*Id.* at 2–3.) The Government responded that it had "no intention of eliciting testimony [or] proffering evidence that the Defendant is an alleged 'constitutionalist' or holds other similarly styled political beliefs." (Doc. 56 at 1.) The Court granted Defendant's first Motion as unopposed.

## II.     Defendant's Motion in Limine to Preclude Improper Prosecutorial Argument

Defendant sought a pretrial ruling prohibiting the Government from making 15 allegedly improper arguments during its summation. (*See* Doc. 37.) Defendant argued that each of its requests "are ones that have been condemned by courts, but nevertheless have been and continue to be advanced by prosecutors." (*Id.* at 1.) He contended that a motion in limine and discussion about these issues was necessary before the trial, because some "forbidden arguments are so inflammatory or otherwise prejudicial that even sustaining a defense objection and giving a curative instruction [cannot] remedy their effect." (*Id.* at 2 (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 644 (1974)).

Defendant sought to prohibit the following arguments: (1) inviting the jurors to experience the crime vicariously; (2) inflaming the jurors' fears for their own safety or that of others; (3) portraying the jurors as an arm of law enforcement; (4) asking the jurors to send a message; (5) vouching or bolstering; (6) suggesting additional evidence beyond that adduced at trial; (7) commenting on defendant's silence or failure to testify; (8) inviting the jury to consider

defendant's decision to plead not guilty or his exercise of trial rights; (9) denigrating defense counsel or the defense; (10) demonizing the defendant; (11) misstating the evidence; (12) no dissimilar in-court demonstrations (i.e., any exhibits or items to "demonstrate" or re-enact how the injuries may have occurred unless the government demonstrates substantial similarity); (13) improper PowerPoint or other exhibits; (14) argument based on racial stereotype or prejudice; (15) prohibition on legal argument in opening statement. (*Id.* at 4–12.)

The Government maintained that its "assigned United States Attorneys understand their ethical and legal duties and [did] not plan to engage in any of the extreme examples cited by the Defendant's Motion nor would they ever intentionally engage in such tactics." (Doc. 59 at 2.)

The Court granted the Motion in part and prohibited those arguments that are always improper, including vouching, bolstering, misstating the evidence, inciting the passions of the jury, advancing racial stereotypes or prejudices, and making legal arguments during opening statements. *See United States v. Lujan*, No. CR 05-0924 RB, Mem. Op. & Order Doc., at *8 (D.N.M. Mar. 25, 2011) (citations omitted).

Otherwise, the Court found that the issues Defendant raised were not ripe for decision. Any ruling on additional matters would be based on pure speculation and in the nature of an advisory opinion." *See id.* at *7 (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). The Court denied the Motion with respect to Defendant's remaining requests without prejudice to Defendant's ability to raise specific objections at trial.

### III.    Defendant's Motion in Limine to Preclude Improper Opinion Evidence

Defendant sought to prohibit "the government from introducing testimony that, following the incident and while being taken to the hospital, Mr. Lyons 'made comments to me [Agent Miranda] as though he was trying to anger me.'" (Doc. 42 at 1 (quotation omitted).) Defendant

argued that Agent Miranda's opinion testimony, evidence, and any related argument was irrelevant under Rules 401 and 402, and even if relevant, was inadmissible as unfairly prejudicial and confusing under Rule 403. (*Id.* at 2.) Moreover, Defendant argued the testimony was inadmissible under Rule 701, because the question of his state of mind was one where "the jury can readily draw the necessary inferences and conclusions without the aid of the opinion." (Doc. 42 at 3 (quoting *United States v. Sanabria*, 645 F.3d 505, 515 (1st Cir. 2011) (internal citations omitted)).)

The testimony at issue involved Agent Miranda's recollection and opinion of an exchange he had with the Defendant after the arrest, as evidenced by a July 31, 2017 memorandum the agent wrote and submitted to Chief Patrol Agent Jeffery D. Self. (*See* Doc. 58 at 2 (quoting Gov't Disc. Bates-stamped Doc. 142).) As quoted in the Government's Response, the memorandum read:

> During the ride to the hospital, Matthew (the Defendant) made comments to me as though he was trying to anger me, but was unsuccessful. Matthew continued stating that I had no reason to pull him over and that he was standing up for his rights. I then explained to Matthew (as I had done after the encounter) why he was pulled over which he continued to argue and disagree. He continued on by stating that he knew his rights and that he did not have to stop for us because the primary agent said he can (*sic*) go. He stated that we were not right to stop him because has (sic) a sick child that needed medical attention. I explained to Matthew that his child is being well taken care of at our Border patrol Checkpoint.
>
> He continued stating that I must have a ton of paperwork to do because so will he (as if he is planning to sue). He also asked me if I sleep well at night considering that I am always violating people's rights, which I stated that I sleep very well at night. He also asked me "no hard feelings?" "I was only standing up for my rights[,"] which I stated that he did not hurt my feelings, I was only doing my job. He went on by trying to ask me personal questions, which I refused to answer. He then said he was only trying to make small talk. I then ignored his line of questioning for the remainder of ride (*sic*) to Gerald Champion Regional Medical Center.

(*Id.* (quoting Gov't Disc. Bates-stamped Doc. 142).)

4

Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice." *United States v. Ballou*, 59 F. Supp. 3d 1038, 1049 (D.N.M. 2014) (citing *United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989)). "[I]t is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter [under rule 403]." *Id.* (quoting *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (internal quotations omitted, alteration in original)). District courts "should be 'mindful' that 'exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly.'" *Id.* (quoting *United States v. Smalls*, 605 F.3d 765, 787 (10th Cir. 2010) (internal quotations omitted)).

The Government argued that Agent Miranda's opinion testimony was relevant to and probative of Defendant's motive to commit the charged crimes and his state of mind at the time of the charged crimes. The Court did not agree. The Court found that Agent Miranda's opinion regarding Defendant's alleged statements made after the charged crimes was not sufficiently probative of his motive or state of mind at the time of the charged crimes. The Court found that any relevance of Agent Miranda's opinion was outweighed by the danger of unfair prejudice and confusing the issues and granted Defendant's Motion.

## IV.     Defendant's Motion in Limine to Exclude Photo

Defendant sought to exclude the Government's proposed Exhibit 2, a photograph of Mr. Lyons. (*See* Doc. 52.) Defendant argued the photo was only slightly probative of the issues, as it

did "not make it more or less likely that he committed the charged offenses[,] [t]here [was] no issue regarding identification[, and t]he photo [did] not show any of the injuries he suffered." (*Id.* at 2.) Defendant contended the photo should be excluded as unfairly prejudicial, as it showed Mr. Lyons in "an unflattering light" and would "waste time and mislead the jury regarding the issues in the case." (*Id.* at 3.)

The Government responded that the photo was relevant to its case, because it was "required to prove identity, and there had been no stipulation regarding Defendant's identity. (Doc. 60 at 1.) "The Government argue[d] that offering the jury a photograph of the Defendant in custody on the day of the offense [was] neither misleading nor a waste of time." (*Id.*) Defendant replied that he would not object to having the government's witnesses identify Mr. Lyons as the defendant. (Doc. 69 at 1.)

The Government argued at the hearing on this Motion that this photograph was probative of some odd behavior Defendant exhibited during the incident, including laughing and bobbing his head. The Court found that the photograph was not probative on the issue of whether Defendant laughed or bobbed his head during the incident. The Court also noted that the fact Defendant is shirtless with his tattoos exposed was potentially prejudicial. Moreover, the Court noted that the Government may establish identity in another way (i.e, by having its witnesses identify Defendant in the courtroom). The Court granted this Motion.

## V. The Government's Motion in Limine to Preclude a Dissimilar In-Court Demonstration

In its response brief to Defendant's Motion in Limine to Preclude Improper Prosecutorial Argument, the Government asserted its own Motion in Limine, asking the Court to prohibit Defendant from introducing any dissimilar in-court demonstrations. (*See* Doc. 59 at 2–3.) The parties did not share the contested videos during the hearing on these motions, and the Court

deferred ruling on the Government's Motion. During trial, the Government did not renew this Motion, nor did it object to Defendant's video when it was introduced. Consequently, the Court will deny this Motion as moot.

## VI.   The Government's Motion to Preclude Defense Experts

The Government sought to preclude two of Defendant's three expert witnesses: Roger Clark and Professor Joseph Lakey. (Doc. 71.) Defendant ultimately did not call either witness to testify, so the Court will deny this Motion as moot.[1]

## VII.   Defendant's Motion for Order to Set Conditions of Release

Defendant requested that he be released from custody during the trial. (Doc. 76 at 1.) He asked to be allowed to go to a halfway house in the evenings if there was room, otherwise he would return to the Dona Ana County Detention Center. (*Id.*) The Court denied Defendant's Motion and allowed Defendant to be in civilian clothes without shackles during trial.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion in Limine to Preclude Evidence and Argument Regarding Defendant's Alleged Political Beliefs, filed on September 11, 2017 (Doc. 36), was **GRANTED AS UNOPPOSED**;

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Preclude Improper Prosecutorial Argument, filed on September 11, 2017 (Doc. 37), was **GRANTED IN PART** as described above;

---

[1] The Court notes that, at the motion hearing, it told the parties that it was not persuaded Mr. Clark's testimony was entirely relevant to the issues. Any relevance appeared to be outweighed by undue delay, waste of time, and a danger of confusing or misleading the jury. The Court concluded that Defendant could produce the probative value of Mr. Clark's testimony through cross-examination of the agents.

The Court also found it significant that Defense counsel was unable to produce a federal criminal case that allowed testimony similar to that proposed in this case. Moreover, in the Court's own quick search of all federal authority, it found that although Mr. Clark had testified in a number of civil cases on issues strikingly similar to those Defense counsel advanced here, the Court could find no published criminal cases in which Mr. Clark testified as an expert.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Preclude Improper Opinion Evidence, filed on September 12, 2017 (Doc. 42), was **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Photo, filed on September 20, 2017 (Doc. 52), was **GRANTED**;

**IT IS FURTHER ORDERED** that the Government's Motion in Limine to Preclude a Dissimilar In-Court Demonstration, filed on September 25, 2017 (Doc. 59), is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the Government's Motion to Preclude Defense Experts, filed on September 27, 2017 (Doc. 71), is **DENIED AS MOOT**; and

**IT IS FURTHER ORDERED** that Defendant's Motion for Order to Set Conditions of Release, filed on September 28, 2017 (Doc. 76), was **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**